Uleses C. Henderson, Jr. (Bar No. 225246)
Email: uhenderson@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>LISA RINNA, an individual; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, Lisa Rinna, an individual, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3.     Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4.     On information and belief, Defendant Lisa Rinna ("Rinna" or "Defendant") is a resident of Los Angeles, California.

5.     The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame this Dispute*

6.     Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on

sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7.     Among many other in-demand photographs, Backgrid owns coveted photographs of actress, author, and television personality, Lisa Rinna (hereinafter the "Rinna Photographs").  Rinna is best known for her roles as Billie Reed on the NBC daytime soap opera "Days of Our Lives," and Taylor McBride on Fox's television drama "Melrose Place."  Since 2014, Rinna has been a cast member on Bravo's hit reality television series "The Real Housewives of Beverly Hills," and she has also been a contestant on NBC's "The Celebrity Apprentice" and ABC's "Dancing with the Stars."  All rights, title and interest in the Rinna Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

8.     Backgrid filed for copyright registration of certain Rinna Photographs within 90 days of their first publication with the United States Copyright Office, registration numbers VA0002226318, VA0002197513, VA0002171906, VA0002149126, VA0002122248, and VA0002120516.  True and correct copies of these registrations are attached as Exhibit A.

*Defendant and Her Willful Infringing Activity*

9.     On information and belief, Defendant Rinna operates an Instagram account located at https://www.instagram.com/lisarinna.  On information and belief, Rinna uses the Instagram account to promote her brand and celebrity by delivering content featuring herself to her fans.  To date, Rinna has at least 2.7 million fans who receive instant updates to her account when she posts photographs.  Each posted photograph elicits thousands, and frequently, hundreds of thousands of

comments from fans.  Moreover, the account is not private, so anyone, including those who do not "follow" her account, has access and can view the uploaded photographs, including the photographs at issue in this lawsuit.

10.     Rinna violated federal law by willfully infringing Backgrid's copyrights to at least eight photographs on, at least, Rinna's Instagram account. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of Rinna's Instagram account, including screenshots of the eight infringed photographs at issue in this lawsuit.  Most of the photographs are embossed with a Backgrid watermark.

11.     Moreover, Rinna induced, caused, or materially contributed to the reproduction, distribution and public display of the Rinna Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on her account was without permission, consent, or license.  By uploading the Rinna Photographs to the account, Rinna encourages her fans to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

12.     On information and belief, Rinna operates and controls her Instagram account at all times relevant to this dispute and financially benefits from the infringement of the Rinna Photographs displayed thereto. Rinna uses her Instagram account to promote her beauty supply company, the reality television show for which she is a cast member, and her daughters' modeling careers, among other things.  On information and belief, Rinna has driven significant traffic to her Instagram account in large part due to the presence of the sought after and searched-for Rinna Photographs that frame this dispute.  All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

13.     On or around February 5, 2021, Backgrid sent a demand letter to Rinna's attorney regarding this dispute.  The parties were unable to resolve this dispute, forcing Backgrid to incur the cost and expense of litigation.

## **FIRST CLAIM FOR RELIEF**

### **(Copyright Infringement, 17 U.S.C. § 501)**

14.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 13 above as if fully set forth herein.

15.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Rinna Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

16.     Backgrid, filed for copyright registration of the Rinna Photographs within 90 days of their first publication with the United States Copyright Office.

17.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Rinna Photographs for purposes of trade in violation of 17 U.S.C. § 501 et seq.

18.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

19.     Backgrid has identified at least nine instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

20.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

21.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Rinna's encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

22.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains

Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

23.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,200,000 in statutory damages for the at-least eight infringed photographs, in addition to its attorney's fees.

24.    Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

25.    Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages.  Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2.    That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.      For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

4.      For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

5.      For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6.      For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 505; and

7.      For any such other and further relief as the Court may deem just and appropriate.

Dated:  June 11, 2021                         **ONE LLP**
`
                                              By: /s/ Uleses C. Henderson, Jr.
                                                 Uleses C. Henderson, Jr.
                                                 Peter R. Afrasiabi
                                                 Attorneys for Plaintiff,
                                                 Backgrid USA, Inc.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable under the law.

Dated:  June 11, 2021                    **ONE LLP**

`

                                         By: /s/ Uleses C. Henderson, Jr.
                                              Uleses C. Henderson, Jr.
                                              Peter R. Afrasiabi
                                              Attorneys for Plaintiff,
                                              Backgrid USA, Inc.

8

**COMPLAINT**