1  David Berke (SBN #123007)
   BERKESLAW
2  7162 Beverly Boulevard, Suite #324
   Los Angeles, California 90036
3  Telephone:(310) 251-0700
   Email: david@berkeslaw.net
4  Attorneys for Defendant
   Lisa Rinna

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| BACKGRID USA, INC. | |
|---|---|
| Defendant, | CASE NO. 2:21-cv-04779-MCS-Ex |
| v. | DEFENDANT LISA RINNA'S ANSWER TO COMPLAINT |
| LISA RINNA, an individual, and DOES 1-10, inclusive. | |
| Defendants | The Hon. Marc C. Scarsi |

Defendant herein, LISA RINNA ("Defendant" or "Ms. Rinna") hereby Answers the Complaint (the "COMPLAINT") of Defendant BACKGRID USA, INC., a California Corporation ("Defendant" or "Backgrid"), as follows:

## I.

## INTRODUCTION

1. Responding to Paragraph 1 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action.

2. Responding to Paragraph 2 of the COMPLAINT, Defendant admits that venue is proper in this district.

3. Responding to Paragraph 3 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 4, and on that basis denies same.

4. Responding to Paragraph 4 of the COMPLAINT, Defendant admits the allegations of Paragraph 4.

5. Responding to Paragraph 5 of the COMPLAINT, Defendant denies that DOE Defendants are properly named in this Federal Court subject matter action.

## FACTS COMMON TO ALL COUNTSS

6. Responding to Paragraph 6 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 6, and on that basis denies same.

7. Responding to Paragraph 7 of the COMPLAINT, Defendant admits all of the allegations contained therein with the exception of those contained in the first and last sentences, as Defendant lacks sufficient information and belief to admit or deny the said allegations, and on that basis denies same.

8. Responding to Paragraph 8 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 8, and on that basis denies same.

9. Responding to Paragraph 9 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 9, and on that basis denies same.

10. Responding to Paragraph 10 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 10, and on that basis denies same.

11. Defendant denies the allegations of Paragraph 11 of the COMPLAINT.

12. Defendant denies the allegations of Paragraph 12 of the COMPLAINT.

13. Defendant denies the allegations of Paragraph 13 of the COMPLAINT to the extent it alleges that Plaintiff was "forced" to do anything.

14. Paragraph 14 of the COMPLAINT is an "incorporation" paragraph.

15. Responding to Paragraph 15 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 15, and on that basis denies same.

16. Responding to Paragraph 16 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 16, and on that basis denies same.

17. Defendant denies the allegations of Paragraph 17 of the COMPLAINT.

18. Defendant denies the allegations of Paragraph 18 of the COMPLAINT.

19 Responding to Paragraph 19 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 19, and on that basis denies same.

20. Defendant denies the allegations of Paragraph 20 of the COMPLAINT.

21. Defendant denies the allegations of Paragraph 21 of the COMPLAINT.

22. Defendant denies the allegations of Paragraph 22 of the COMPLAINT.

23. Defendant denies the allegations of Paragraph 23 of the COMPLAINT.

24. Defendant denies the allegations of Paragraph 24 of the COMPLAINT.

25. Defendant denies the allegations of Paragraph 25 of the COMPLAINT.

**ANSWER TO PRAYER FOR RELIEF**

Responding to the Prayer for Relief alleged in the COMPLAINT, Defendant avers that Plaintiff is not entitled to any of the relief it seeks, whether monetary or equitable.

**AFFIRMATIVE DEFENSES**

Set forth below are the Affirmative Defenses alleged by Defendant in connection with the COMPLAINT. All of Defendant's defenses are plead in the alternative, and do not constitute an admission of liability, or an admission as to whether Plaintiff is entitled to any relief, in any form or fashion.

**FIRST AFFIRMATIVE DEFENSE**

(Failure To State A Claim)

1. As a separate and distinct affirmative defense, the COMPLAINT fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(No Proximate Cause)

2. As a separate and distinct affirmative defense, any action or omission to act on Defendant's part, or any action or omission to act on the part of any person or any entity for whose actions or omissions are (or may be established to be) legally responsible, did not actually or proximately cause or contribute in any manner or to any degree, to any losses or damages for which recovery is sought by THE COMPLAINT.

**THIRD AFFIRMATIVE DEFENSE**

(Statute Of Limitations)

3. As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1 and 342.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

4. As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5. As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred pursuant to the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

6. As a separate and distinct affirmative defense, all causes of action set forth in the COMPLAINT are barred because HSUS failed to take reasonable steps to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

7. As a separate and distinct affirmative defense, the COMPLAINT, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

8. As a separate and distinct affirmative defense, Plaintiff is estopped by its own acts or omissions from recovery against Defendant for the claims asserted in the COMPLAINT. Plaintiff is wrongfully "setting up" celebrities to augment its income during the COVID pandemic, by taking photographs and racing out to have the photos copyrighted, so as to give Plaintiff "grounds" to file suits such as the present one.

## NINTH AFFIRMATIVE DEFENSE

(Fraud)

9. As a separate and distinct affirmative defense, the claims for damages sought by Plaintiff are precluded by its own fraudulent conduct.

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. As a separate and distinct affirmative defense, the claims for damages sought by Plaintiff are precluded by its unclean hands.

Date: August 30, 2021

LAW OFFICES OF DAVID BERKE

By: *[signature]*

Attorneys for Defendant Lisa Rinna

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 7162 Beverly Boulevard, Suite #324, Los Angeles, CA 90036.

On August 30, 2021, I served the following document(s) described as

**DEFENDANT LISA RINNA'S ANSWER TO COMPLAINT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Uleses C. Henderson, Jr.
ONE, LLP
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210
uhenderson@onellp.com

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

☒ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted by electronic mail to the person(s) set forth in the service list, at the following address: uhenderson@onellp.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 30, 2021, at Los Angeles, California.

David Berke

194214.1