David Berke (SBN #123007)
BERKESLAW
7162 Beverly Boulevard, Suite #324
Los Angeles, California 90036
Telephone: (310) 251-0700
Email: david@berkeslaw.net
Attorneys for Defendant, Lisa Rinna

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LISA RINNA, an individual, and DOES 1-10, inclusive. <br><br> Defendants | CASE NO. 2:21-cv-04779-MCS-Ex <br><br> DEFENDANT LISA RINNA'S AMENDED ANSWER TO COMPLAINT <br><br> The Hon. Marc C. Scarsi |

Defendant herein, LISA RINNA ("Defendant" or "Ms. Rinna") hereby Answers the Complaint (the "COMPLAINT") of Defendant BACKGRID USA, INC., a California Corporation ("Defendant" or "Backgrid"), as follows:

I.

**INTRODUCTION**

1. Responding to Paragraph 1 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action.

2. Responding to Paragraph 2 of the COMPLAINT, Defendant admits that venue is proper in this district.

3. Responding to Paragraph 3 of the COMPLAINT, Defendant lacks sufficient

information and belief to admit or deny the allegations of Paragraph 4, and on that basis denies same.

4. Responding to Paragraph 4 of the COMPLAINT, Defendant admits the allegations of Paragraph 4.

5. Responding to Paragraph 5 of the COMPLAINT, Defendant denies that DOE Defendants are properly named in this Federal Court subject matter action.

### FACTS COMMON TO ALL COUNTS

6. Responding to Paragraph 6 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 6, and on that basis denies same.

7. Responding to Paragraph 7 of the COMPLAINT, Defendant admits all of the allegations contained therein with the exception of those contained in the first and last sentences, as Defendant lacks sufficient information and belief to admit or deny the said allegations, and on that basis denies same.

8. Responding to Paragraph 8 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 8, and on that basis denies same.

9. Responding to Paragraph 9 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 9, and on that basis denies same.

10. Responding to Paragraph 10 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 10, and on that basis denies same.

11. Defendant denies the allegations of Paragraph 11 of the COMPLAINT.

12. Defendant denies the allegations of Paragraph 12 of the COMPLAINT.

13. Defendant denies the allegations of Paragraph 13 of the COMPLAINT to the extent it alleges that Plaintiff was "forced" to do anything.

14. Paragraph 14 of the COMPLAINT is an "incorporation" paragraph.

15. Responding to Paragraph 15 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 15, and on that basis denies same.

16. Responding to Paragraph 16 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 16, and on that basis denies same.

17. Defendant denies the allegations of Paragraph 17 of the COMPLAINT.

18. Defendant denies the allegations of Paragraph 18 of the COMPLAINT.

19 Responding to Paragraph 19 of the COMPLAINT, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 19, and on that basis denies same.

20. Defendant denies the allegations of Paragraph 20 of the COMPLAINT.

21. Defendant denies the allegations of Paragraph 21 of the COMPLAINT.

22. Defendant denies the allegations of Paragraph 22 of the COMPLAINT.

23. Defendant denies the allegations of Paragraph 23 of the COMPLAINT.

24. Defendant denies the allegations of Paragraph 24 of the COMPLAINT.

25. Defendant denies the allegations of Paragraph 25 of the COMPLAINT.

**ANSWER TO PRAYER FOR RELIEF**

Responding to the Prayer for Relief alleged in the COMPLAINT, Defendant avers that Plaintiff is not entitled to any of the relief it seeks, whether monetary or equitable.

**AFFIRMATIVE DEFENSES**

Set forth below are the Affirmative Defenses alleged by Defendant in connection with the COMPLAINT. All of Defendant's defenses are plead in the alternative, and do not constitute an admission of liability, or an admission as to whether Plaintiff is entitled to any relief, in any form or fashion.

//

//

//

**FIRST AFFIRMATIVE DEFENSE**

(Unclean Hands, Misuse of Copyright)

As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred pursuant to the equitable doctrine of unclean hands and due to Plaintiff's misuse of the Copyright laws. Thus, Defendant is informed and believes, and thereupon alleges, that Plaintiff (and others like it) has effectively "weaponized" the Copyright Act in an effort to augment its income (and the income of its affiliated photographers, commonly referred to as "paparazzi") during and because of the COVID-19 pandemic. While Plaintiff will no doubt despair at the use of the term, the Merriam-Webster dictionary defines "paparazzi" as "freelance photographer[s] who aggressively pursues celebrities for the purpose of taking candid photographs." Looking at the photographs subject to this action – of note, primarily shots Ms. Rinna's young adult daughters -- it would be difficult to mistake these photos as anything other than the work of paparazzi.

Thus, Defendant is informed and believes, and thereupon alleges, that Plaintiff licenses photographs from paparazzi, and then swiftly seeks copyright protection of said photographs to seed its revenue-generating operations. Defendant is also informed and believes, and thereupon alleges, that Backgrid pays third-party vendors to peruse celebrity social media accounts to identify attractive targets, such as Ms. Rinna, who themselves are able find these self-same images –also available to *millions* of other people on the Internet (from publications such as the *Daily Mail*) -- and then share them on their own social media platforms.

It is Defendant's contention that the ability of photographers to hound celebrities in public (or at times in private locations), in order to profit off of their likenesses, and then turn around and sue those same celebrities for posting *their own images* on social media, is anathema to what the Copyright Act is intended to protect. One way to at least limit or discourage this practice would be to drastically lower the statutory damages available to a copyright holder when suing a person for posting their own (or family's) image(s).

Factual support for the allegation that Plaintiff is selectively targeting celebrities can be found in many sources. Thus, a quick review of PACER reveals that since its formation in 2016,

Backgrid has filed 48 lawsuits in the federal courts, beginning in 2017. Fully 36 of those cases (65%) were filed in 2020 and the first nine months of 2021, indicating that Plaintiff significantly increased its revenue-generating practice coincidental with the emergence and spread of the COVID-19 pandemic. And Defendant is further informed and believes that these figures do not reflect the untold number of situations where Plaintiff was able to secure a monetary settlement from a celebrity by threatening legal action -- prior to actually filing suit -- in numbers and amounts that will require discovery to uncover. Indeed, Backgrid itself attempted to employ precisely such a tactic with Ms. Rinna, as freely admitted in the Complaint (at ¶ 13).

In this further regard, Defendant is informed and believes, and thereupon alleges, that underlying this appreciable uptick in the number of Plaintiff's copyright infringement lawsuits during the relevant time-period is the fact that a paparazzo's "bread and butter" – candid shots of entertainment celebrities and other famous people – were significantly degraded or limited during the pandemic due to the widespread wearing of facemasks, and the enormous reduction in the amount of time that the individuals thus normally targeted were spending in public. As a result, Defendant is informed and believes, and thereupon alleges, that Plaintiff needed to find another, supplementary revenue stream, such as the filing of the instant and similar such actions.

Further support for Defendant's allegations -- that Plaintiff is indeed primarily targeting celebrities (in other words, people of means) – is found in a review of PACER and various online publications. Thus, in addition to Defendant Rinna – perhaps best known for her roles in such hit television shows as *Melrose Place* and *The Real Housewives of Beverly Hills*–Backgrid has also filed copyright infringement lawsuits against mega-famous singer Justin Bieber, actress Katheryn "Kate" Hudson, model Blac Chyna (legal name Angela Renee White), model and social media personality Sofia Richie, social media celebrity Perez Hilton (legal name Mario Lavandeira), singer Christina Milian, singer Cassie Ventura, fashion designer Cydnie Jordan and fashion stylist Ilaria Urbinati, just to name a few.

Defendant is informed and believes, and thereupon alleges, that all of these individuals, and the several entertainment-related entities that have also been sued (such as "IMDb"), have been adjudged by Plaintiff as being sufficiently moneyed so as to make the target more likely to

accede to Backgrid's exorbitant settlement demands, rather than face potentially ruinous judgements. The filing of some 36 lawsuits in the span of the last 21 months is strong indication that Backgrid has calculated that the initiation of legal action (or mere the threat thereof) represents a worthwhile business model.

Defendant is informed and believes, and thereupon alleges, that the entertainment industry has become alerted to the mushrooming instances of cases such as the present, as reported in a recent online publication of the Hollywood Reporter, where it states: "Paparazzi long have built lucrative careers on capturing candids of Hollywood stars, but now they're exploring a new source of revenue: suing those same stars for posting their pics on social media without permission." See https://www.hollywoodreporter.com/business/business-news/paparazzi-stars-who-owns-instagram-pic-1081902/; Indeed, as does effectively all of the media coverage regarding Backgrid's practices, the Hollywood Reporter article refers to the practice underlying the present lawsuit as "trolling," a common Internet-age expression when, applied here, means waiting for some famous personage to react favorably to an image of themselves (and family), and then suing those people after they have taken "the bait."

### SECOND AFFIRMATIVE DEFENSE

(No Proximate Cause)

2. As a separate and distinct affirmative defense, any action or omission to act on Defendant's part, or any action or omission to act on the part of any person or any entity for whose actions or omissions are (or may be established to be) legally responsible, did not actually or proximately cause or contribute in any manner or to any degree, to any losses or damages for which recovery is sought by the COMPLAINT.

### THIRD AFFIRMATIVE DEFENSE

(Statute Of Limitations)

3. As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred by the applicable statute of limitations, including but not limited to 17 U.S.C. § 507.

//

### FOURTH AFFIRMATIVE DEFENSE
#### (Laches)

4.     As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred by the equitable doctrine of laches. In this regard, Defendant is informed and believes and thereupon alleges, that Plaintiff delayed in its filing of the alleged subject copyrights until the last moment, and further delayed seeking means of resolving its claims short of litigation, all to the prejudice of Defendant.

### FIFTH AFFIRMATIVE DEFENSE
#### (Breach of Implied License)

5.     As a separate and distinct affirmative defense, the COMPLAINT, and each and every claim contained therein, is barred by Backgrid's breach of an implied license created between the parties. Specifically, the photographers engaged by the Plaintiff seek out and capture images of famous celebrities – such as Ms. Rinna herein – for the sole purpose of benefiting economically from the public's appetite for such visual media. Thus, it is only because of Ms. Rinna's hard work, dedication to her craft and resultant success that her image confers monetary benefits on the Plaintiff. Having taken and used Defendant's images in this fashion, Defendant is informed and believes and thereupon alleges, that an implied license was created between herself and the Plaintiff (and subject photographers), whereby it was understood that Ms. Rinna would be permitted to use and comment on these photographs of her and her family without facing a claim of "infringement." It offends all notions of public policy, and essential fairness, that the Plaintiff should be permitted to benefit from the exploitation of Ms. Rinna's images, while she allegedly remains unable to use these photographs for her own, personal purposes.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure To Mitigate Damages)

6.     As a separate and distinct affirmative defense, all causes of action set forth in the COMPLAINT are barred because Plaintiff failed to take reasonable steps to mitigate its alleged damages by, for example, seeking to negotiate reasonable licenses with the subjects of their photographs, rather than filing expensive Federal litigation. The wildly excessive "damages"

sought by the present Complaint bear no relationship whatsoever to the "actual harm" caused by Ms. Rinna's use of her *own images*, and exhorbinent settlement demands further discourage resolution of these "disputes" for anything close to what Plaintiff could reasonably claim as its "damages." By effective pricing itself out of a rational negotiated settlement, Defendant is informed and believes and thereupon alleges, that Backgrid has precluded the parties from reaching resolution in the range of whatever "injury" Plaintiff claims to have suffered. Having intentionally created the circumstances where a rational settlement becomes impossible, Plaintiff fails to mitigate the *real* "damages" that might have otherwise been available to it without resort to litigation.

### SEVENTH AFFIRMATIVE DEFENSE
(Fair Use; 17 USC § 107)

7.  As a separate and distinct affirmative defense, Defendant's alleged publication of the photographs at issue herein is protected by the "fair use" doctrine, and the First Amendment rights of Ms. Rinna. Thus, and particularly in the cases of the photographs found in Exhibit B of the Complaint, at pp. 23, 25 and 28, Defendant has added her own sometimes extensive commentary, superimposed on the face of the photographs themselves. This commentary constitutes a "transformative use," and takes Defendant's conduct outside of the definition of "infringement."

### EIGHTH AFFIRMATIVE DEFENSE
(Equitable Estoppel)

8.  As a separate and distinct affirmative defense, Plaintiff is estopped by its own acts or omissions from recovery against Defendant for the claims asserted in the COMPLAINT. Having granted or created the "implied license" set forth more fully in the Fifth Affirmative Defense (above), Plaintiff should now be estopped from asserting a "right" that it has licensed away. Indeed, the Ninth Circuit has recognized "equitable estoppel" as a defense to copyright infringement. *See Kramer v. From the Heart Prods., Inc.*, 300 Fed. Appx. 555, 556 (9th Cir. 2008). Equitable estoppel is intended to prevent parties from taking advantage of the law where a party "has so conducted [itself] that it would be contrary to equity and good conscience" to permit

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 7162 Beverly Boulevard, Suite #324, Los Angeles, CA 90036.

On October 1, 2021, I served the following document(s) described as

**DEFENDANT LISA RINNA'S AMENDED ANSWER**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Uleses C. Henderson, Jr.
ONE, LLP
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210
uhenderson@onellp.com

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

[ ] **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

[ ] **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

[ ] **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

[X] **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted by electronic mail to the person(s) set forth in the service list, at the following address: uhenderson@onellp.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 1, 2021, at Los Angeles, California.

_____
David Berke

194214.1

the party to prevail. *See Granite State Ins. Comp. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996). Defendant is informed and believes and thereupon alleges, that the conduct complained of in this Answer – Backgrid's practice of taking advantage of the Copyright Act to punish those who republish their own images, already available to millions, is such that it would be contrary to "equity and good conscience" to permit Backgrid to profit further.

Date: October 1, 2021

LAW OFFICES OF DAVID BERKE

By: _____
Attorneys for Defendant Lisa Rinna

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 7162 Beverly Boulevard, Suite #324, Los Angeles, CA 90036.

On October 1, 2021, I served the following document(s) described as

**DEFENDANT LISA RINNA'S AMENDED ANSWER**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Uleses C. Henderson, Jr.
ONE, LLP
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210
uhenderson@onellp.com

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

[ ] **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

[ ] **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

[ ] **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

[X] **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted by electronic mail to the person(s) set forth in the service list, at the following address: uhenderson@onellp.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 1, 2021, at Los Angeles, California.

David Berke

194214.1