Uleses C. Henderson, Jr. (Bar No. 225246)
uhenderson@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LISA RINNA, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04779 MCS (Ex)<br>Hon. Mark C. Scarsi<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:**       October 25, 2021<br>**Time:**       10:00 AM<br>**Courtroom:**  7C |

On September 13, 2021, Uleses Henderson, Jr. of One LLP, counsel of record for Plaintiff Backgrid USA, Inc. ("Backgrid" or "Plaintiff"), engaged in a telephone conference with David Berke of Berkeslaw, counsel of record for Defendant Lisa Rinna ("Rinna" or "Defendant"), to conduct their Conference of Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

The parties apologize to this Court. The parties were not able to submit their Joint Report timely because Defendant's counsel was unavailable due to a family emergency.

Counsel for Backgrid and Rinna (collectively "Parties") hereby submit their joint report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference dated August 20, 2020.

## A. STATEMENT OF THE CASE

### 1. Plaintiff's Statement

This is a copyright infringement case involving an infringer who erroneously believed that, because of her celebrity, she was entitled to post Backgrid's photographs on her social media pages without obtaining Backgrid's consent. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars. Among many other in-demand photographs, Backgrid owns coveted photographs of Defendant, an actress, author, and television personality (the "Rinna Photographs").

Defendant Rinna operates an Instagram account located at https://www.instagram.com/lisarinna. Rinna uses the Instagram account to promote her brand and celebrity by delivering content featuring herself to her fans. Rinna violated federal law by willfully infringing Backgrid's copyrights to at least eight

photographs on, at least, Rinna's Instagram account. Most of the photographs are embossed with a Backgrid watermark.

Backgrid sent counsel for Rinna a letter demanding that Rinna cease her infringement of the Rinna Photographs and settle the matter. When Rinna failed to resolve the matter, Backgrid was forced to file this lawsuit.

### 2. **Defendant's Statement**

Defendant Lisa Rinna ("Ms. Rinna" or "Defendant") is a popular television actor and author. Just like now over *one billion* other users on the planet, Ms. Rinna operates an Instagram account, which she uses for various purposes, including – with particular reference to the subject matter of this lawsuit – a platform on which to display photographs of herself and her family. Indeed, her notoriety as an entertainer notwithstanding, Ms. Rinna is first a wife (of almost 25 years), and a mother, of two young adult daughters.

Thus, despite Plaintiff's efforts to attach some "economic" motivation to the display of the subject photographs, *every single one* of the pictures claimed as copyrighted by the Plaintiff feature either Ms. Rinna's daughters (more often than not), or herself, or her entire family. The so-called "Rinna Photographs" do not, on the other hand, advertise or promote Ms. Rinna's current television projects, or "hawk" products of any kind. Again, these are family photos.

For purposes of this action, the nature of the Rinna Photographs are particularly relevant to the issue of statutory damages and "willfulness," especially when understood in the context of how the Instagram Website operates. In this regard, therefore, there are two basic methods of presenting material on one's own Instagram profile. First, there are "posts," which are "evergreen" in nature. That is, such material (photographs or videos) remain on the user's profile *forever*, unless deleted. The other method of presentation are known as "stories," which can only be *15 seconds in length*, and *disappear 24 hours after they are first posted*.

Accordingly, while Plaintiff would never voluntarily admit to the fact, fully *seven of the eight* of the Rinna Photographs were "stories," meaning that they were gone from public view *within one day* of their posting. As such, it is ludicrous to suggest that Ms. Rinna had some economic motive in mind when putting up the images of her family, or that she somehow "benefited" from their display. If at all, therefore, only a "posted" photograph or video could even carry the prospect of such potential "gain."[1] Indeed, it would require the services of a super-computer to attempt calculation of the "value" of seven family photos – with the life-span of 24 hours each – when measured against the one billion+ people with Internet access to them. Ms. Rinna's fleeting display of her family photographs was therefore neither cavalier nor "profit-driven," and her actions, if deemed to be infringing, were in no manner "wilful."

Ms. Rinna has asserted various Affirmative Defenses in response to Plaintiff's Complaint, and she believes that at least one or more of them may shield her from liability in this case. If not, then, Ms. Rinna asserts that under the circumstances of this case, the very minimum in statutory damages should be assessed.

**SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over the alleged copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b). Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a).

**B.     LEGAL ISSUES**

The parties do not believe there are any unusual substantive, procedural or evidentiary issues presented by the case.

---

[1] The one other of the Rinna Photographs had been a "post," and it was located and deleted by Defendant immediately upon notice of Plaintiff's objection.

**Plaintiff's Legal Issues:**

The key legal issues presented by Plaintiff in its Complaint are:

- Defendant's use of the Rinna Photographs infringed Plaintiff's copyrights;
- Whether Defendant's infringement was willful; and
- Damages resulting from Defendant's infringement.

**Defendant's Legal Issues**:

Defendant concurs with Plaintiff's identification of the key legal issues presented by this action.

**C.    PARTIES AND NON-PARTY WITNESSES**

**1.    Parties**

**Plaintiff:**  Backgrid USA, Inc.  Backgrid has no parent or subsidiary.

**Defendant:**  The Defendant is an individual.

**2.    Percipient Witnesses**

**Plaintiff:**  Plaintiff's witnesses include a person most knowledgeable from Backgrid USA, Inc. and Defendant.

**Defendant:** Defendant's anticipated witnesses include the individual designated by Plaintiff as its Person Most Knowledgeable, the photographer(s) responsible for taking the photographs that are the subject of this action, and possibly other celebrities who have been sued by the Plaintiff for alleged copyright infringement.

**3.    Key Documents**

**Plaintiff:** Rinna Photographs; United States Copyright Registration Nos. VA0002226318, VA0002197513, VA0002171906, VA0002149126, VA0002122248, and VA0002120516; and relevant screenshots of certain social media pages on Defendant's Instagram account located at https://www.instagram.com/lisarinna.

    **Defendant:** In addition to the exhibits attached to Plaintiff's Complaint, Defendant believes that discovery will be required to determine what other documents are relevant to this action.

### D. DAMAGES

    **Plaintiff:** Pursuant to the terms of the Copyright Act, a plaintiff is entitled to a choice of either actual damages, 17 U.S.C. §§ 504 (a)(1) & (b), or statutory damages, 17 U.S.C. §§ 504(a)(2) & (c). Pursuant to 17 U.S.C. § 504(c), Defendant faces statutory damages liability in the amount of up to $150,000 per act of willful infringement. And, willful infringement includes "reckless disregard" for a copyright holder's rights. *See Louis Vuitton Malteir, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011).

    **Defendant:** Defendant agrees with Plaintiff's recitation of the relevant statutes. Defendant's position is that the question of "willfulness," and the presence of "reckless disregard," are issues of fact to be determined by a jury.

### E. INSURANCE

    **Plaintiff:** Plaintiff has no relevant insurance policy.

    **Defendant:** Defendant has no relevant insurance policy.

### F. MOTIONS

    The Parties do not believe there is any likelihood of the Parties filing motions seeking to add other parties or claims, file amended pleadings, or transfer venue, except that Plaintiff reserves its right to request leave to file an amended complaint if it discovers additional information during discovery.

    **Plaintiff:** Plaintiff believes that the key legal issue of copyright infringement may be determined by summary judgment, leaving trial by jury on willfulness and the amount of statutory damages.

    **Defendant:** Defendant believes that should summary judgment be granted, a trial by jury will be required to determine the issue of willfulness, the

validity of Defendant's Affirmative Defenses, and the availability and amount of statutory damages.

## G. DISPOSITIVE MOTIONS

**Plaintiff:** Plaintiff anticipates filing a motion for summary judgment and/or partial summary judgment as to the issue of infringement in this case once the parties have completed enough discovery to support such a motion.

**Defendant:** Defendant does not anticipate filing any dispositive motions.

## H. MANUEL FOR COMPLEX LITIGATION

The Parties agree that the procedures contemplated by the manual for complex litigation are unnecessary for this dispute.

## I. STATUS OF DISCOVERY

The Parties have not yet served discovery in the case.

## J. DISCOVERY PLAN

### 1. Subjects

**Plaintiff:** Among other things, Plaintiff expects to take discovery concerning the copyright infringement, including but not limited to: the parties involved; Defendant's knowledge of Plaintiff's copyrights; Defendant's willfulness in infringing the Rinna Photographs; Defendant's acquisition and use of the Rinna Photographs; Defendant's use in any other form of the Rinna Photographs than alleged in the Complaint; Defendant's revenue information relating to use of the Rinna Photographs and to her Instagram account; all allegations in Plaintiffs complaint, denials thereof in Defendant's Answer, and Defendant's claimed affirmative defenses.

Plaintiff anticipates deposing Defendant and serving written discovery.

**Defendant:** It is Defendant's intention to depose the individual designated by Plaintiff as its Person Most Knowledgeable ("PMK"), and the photographer(s) responsible for taking the photographs that are the subject of this action. Other potential deponents include the PMK of third-parties

7
JOINT RULE 26(f) REPORT

Okularity.com and Xposure Photo Agency, Inc. Defendant may also depose other celebrities who have been sued by the Plaintiff. Defendant intends to serve written discovery and may, as a result, identify additional witnesses to be deposed.

The Parties agree that discovery need not be conducted in phases.

**K.  DISCOVERY CUT-OFF**

As outlined in Exhibit A, the parties propose to complete fact discovery by July 25, 2022.

**L.  EXPERT DISCOVERY**

The Parties propose that initial expert witnesses be disclosed on August 8, 2022 and rebuttal witnesses be disclosed on August 22, 2021, and that the expert discovery cut-off be August 29, 2022.

**M.  SETTLEMENT CONFERENCE/ ALTERNATIVE DISOUTE RESOLUTION "ADR"**

**Plaintiff:** Plaintiff has made a settlement offer to the Defendant and is awaiting a response.

**Defendant:** Defendant made a settlement offer which was rejected. Plaintiff has in fact made one settlement demand, but it was so high as to suggest that Backgrid is not really intent on resolving this matter amicably, as Ms. Rinna would prefer.

**N.  TRIAL ESTIMATE**

The Parties' preliminary estimate for the length of the trial is 3-5 days.

Plaintiffs may call up to 3-5 witnesses.

Defendant may call 3-5 witnesses.

**O.  TRIAL COUNSEL**

**Plaintiff:** Plaintiff will be represented at trial by Uleses Henderson, Jr. and Peter Afrasiabi.

**Defendant:** Plaintiff will be represented at trial by David Berke, and perhaps one other attorney (still to be chosen) who will assist with Defendant's representation.

**P.   INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that an Independent Expert or Master is necessary in this case.

**Q.   SCHEDULE WORKSHEET**

*See attached.*

**R.   OTHER ISSUES**

The Parties anticipate a need for a stipulated protective order and electronic discovery agreement.

Dated:  October 21, 2021          **ONE LLP**

                                  By: /s/ Uleses C. Henderson, Jr.
                                      Uleses C. Henderson, Jr.
                                      Peter R. Afrasiabi

                                      Attorneys for Plaintiff
                                      Backgrid USA, Inc.

Dated:  October 21, 2021          **BERKESLAW**

                                  By: /s/ David Berke
                                      David Berke

                                      Attorneys for Defendant
                                      Lisa Rinna

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, Uleses C. Henderson, Jr., attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By: /s/ Uleses C. Henderson, Jr.
Uleses C. Henderson, Jr.